AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 22-MJ-8020-BER |
| MARC MICHEL DERILUS, | ) |
| | ) |
| _Defendant(s)_ | ) |

FILED BY ___TM___ D.C.

Jan 19, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **September 29, 2021** in the county of **Palm Beach** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a firearm and ammunition by a prohibited person - convicted felon |

This criminal complaint is based on these facts:

See attached affidavit in support of criminal complaint

☑ Continued on the attached sheet.

_____
_Complainant's signature_

Darrell L. Stephens, ATF
_Printed name and title_

Sworn to and signed before me by
Telephone (~~Facetime~~) per
Fed. R. Crim. P. 4(d) & 4.1

Date: 1/19/22

_____
_Judge's signature_

City and state:   West Palm Beach, Florida         Bruce E. Reinhart, U.S. Magistrate Judge
_Printed name and title_

**AFFIDAVIT**
**OF**
**Darrell L. Stephens**
**SPECIAL AGENT**
**BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES**

I, Darrell L. Stephens being duly sworn, do hereby depose and state as follows:

1. Your affiant, Darrell L. Stephens is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has served in that capacity since December 2015. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. In my capacity as an ATF Special Agent, I have received specialized training and experience in the investigation of federal firearms offenses.

2. This affidavit is submitted in support of an Application for a Criminal Complaint and an Arrest Warrant for Marc DERILUS (hereinafter "DERILUS"), for violating federal law, that is, possession of a firearm and ammunition as a prohibited person - convicted felon, contrary to Title 18, United States Code, Section 922(g)(1).

3. Prior to my service as an ATF Special Agent, I spent ten years as a certified law enforcement officer in Georgia. That period included time as a narcotics detective for the Clayton County Police Department in the Metro-Atlanta area. I also served

as a road patrol officer in Clayton County and for the Hapeville Police Department in Hapeville, Georgia. Prior to serving with those two police departments, I was employed as a campus police officer with the Georgia Institute of Technology. I was terminated in January 2008 for untruthfulness and conduct unbecoming of an officer. I appealed my termination and an Impartial Board of Review unanimously recommended that I be reinstated to my position as a campus police officer. The Board of Review determined that I was not untruthful, and the grounds of my termination were unfounded. The recommendation however was overruled by the institution's president despite the factual findings and unanimous decision by the Impartial Board of Review. Furthermore, the Georgia Peace Officers Standards and Training Counsel investigated my termination and determined there were no grounds for the revocation of my certification as peace officer. Prior to becoming a campus police officer, I was employed as a detention officer with the Lowndes County Sheriff's Office in Valdosta, Georgia. I am also a graduate of Valdosta State University, from which I obtained a bachelor's degree in Criminal Justice.

4. The following facts are based upon information relayed to me by other members of law enforcement, information obtained from expert reports, documents, and information derived from law enforcement sources and databases. This affidavit is submitted for

the limited purpose of establishing probable cause and does not include every detail known to me about the investigation.

### Probable Cause

5. On September 29, 2021, at approximately 8:12 pm, the Palm Beach County Sheriff's Office ("PBSO") was dispatched to a possible drunk driver. The location was in the area of 2nd Avenue North and North A Street, within the city of Lake Worth Beach and in Palm Beach County, Florida. PBSO Deputy Smith made contact with the caller who advised he saw a silver in color SUV drive onto the curb and almost strike several vehicles. The caller also advised the driver was a black male wearing a black tee shirt. Furthermore, the vehicle was reported to be parked at a convenient store in the area.

6. Deputy Smith located the suspected drunk driver. The driver was in a silver SUV in the parking lot of the reported convenience store. Deputy Smith also observed that the driver was a black male wearing a black tee shirt as reported. Deputy Smith also observed the vehicle begin to leave the store, heading westbound on 2nd Avenue North. The SUV drove onto the wrong side of the road and swerved into the right lane. The vehicle then traveled back into the left lane. At that point, Deputy Smith attempted to initiate a traffic stop by activating his red and blue police lights.

7. The vehicle attempted to flee Deputy Smith. The vehicle then came to a stop on 2nd Avenue North, which was a dead-end street. The driver of the vehicle then reversed and attempted to drive up onto the sidewalk. The vehicle got stuck on a telephone support cable and was forced to stop. Deputies then arrested Marc DERILUS, the driver and sole occupant of the vehicle.

8. The defendant was arrested for several state law violations, including; Driving with an expired tag in excess of 6 months in violation of FSS 320.07; Fleeing and eluding in violation of FSS 316.1935; No motor vehicle registration in violation of FSS 320.02; and No driver's license in violation of FSS 322.03.

9. The defendant's vehicle was towed and inventoried by PBSO. During the inventory, PBSO deputies located a black backpack on the front passenger seat. The black backpack contained an AK-47 style pistol with a high-capacity magazine. Specifically, the firearm was a Century Arms, Model C39V2, 7.6x39 caliber assault pistol. The firearm was loaded with approximately * rounds of ammunition.

10. Records obtained from the Palm Beach County Circuit Court establish that DERILUS was prohibited from possessing a firearm and ammunition because he is a convicted felon. Specifically, DERILUS has sustained the following felony convictions, that is, adjudications for offenses that are punishable by more than one year in prison:

4

a.) On September 16, 2015, DERILUS was convicted of Grand Theft Auto, in violation of F.S.S. § 812.014(12)(C), a third degree felony under case number 50-2015-CF-005731,

b.) On September 15, 2015, DERILUS was convicted of Possession of Cocaine, in violation of F.S.S. § 893.13(6)(A), a third-degree felony, in criminal case number case number 50-2015-CF-07621-AXXX-MB,

c.) On July 6, 2016, DERILUS was convicted of Sale of Cocaine, a second-degree felony in violation of F.S.S. § 893.13, in criminal case number 50-2016-CF-012148-AXXX-MB,[1]

d.) On September 10, 2016, DERILUS was convicted of Grand Theft Auto in violation of F.S.S. § 812.014(12)(C), a third-degree felony under case number in criminal case number 50-2016-CF-009213,

e.) On May 12, 2017, DERILUS was convicted of Possession of Cocaine, in violation of F.S.S. § 893.13(6)(A), a third-degree felony in criminal case number 50-2017-CF-003112-AXXX-MB, and

---

[1] Court records show that at the time of his conviction, DERILUS pled guilty and signed a plea agreement with the State of Florida on December 19, 2016. The signed plea agreement noted that the maximum sentence for sale of cocaine was 15 years.

   f.) On May 11, 2017, DERILUS was convicted of Possession of Cocaine, in violation of F.S.S. § 893.13(6)(A), a third-degree felony in criminal case number 50-2017-CF-003139.

 11. A Search Warrant for DERIILUS' DNA was issued by Palm Beach County Circuit Judge Cheryl Caracuzzo on September 30, 2021. The warrant was executed on September 30, 2021, during which law enforcement obtained a standard of DERILUS' DNA. His DNA standard and several evidence swabs taken from the firearm were subsequently received by DNA Labs International on October 13, 2021, for forensic testing. The evidence swabs from the firearm included swabs taken from (i) the trigger and trigger guard, (ii) the grip, and (iii) remaining areas of the firearm.

 12. An expert report was issued by DNA Labs International on December 9, 2021. The report detailed the DNA comparison done between DERILUS' DNA standard and DNA found on several swabs taken from the firearm. The DNA profile obtained from the trigger and trigger guard were not reportable due to quality control reasons. The DNA profile obtained from the grip/receiver/handguard indicated that the profile was from one male contributor, that is, DERILUS. The chance that an unrelated person other than DERILUS, chosen at random from the general population, would be included as a contributor to this DNA profile is approximately 1 in every 30 decillion individuals. Additionally, the expert lab report noted that there was a combination of DNA profiles found on the magazine

that included DERILUS. The DNA profile obtained from the magazine is approximately 350 quadrillion times more probable if the sample originated from DERILUS and two unknown persons, than if it originated from three unknown persons.

13.  On January 13, 2022, ATF Special Agent and Firearms Nexus Expert Mark Finnamore examined the firearm and ammunition seized in this investigation by PBSO. Special Agent Finnamore confirmed that the firearm and the twenty-nine rounds of ammunition were manufactured outside the state of Florida. Special Agent Finnamore Therefore, based upon the expert opinion of Special Agent Finnamore, the firearm and ammunition found in the passenger side seat of DERILUS' vehicle, had previously travelled in either interstate of foreign commerce.

14. Based upon the above facts and information, I submit there is probable cause to believe that DERILUS violated federal law, that is, possession of a firearm and ammunition by a prohibited person - convicted felon, in violation of Title 18, United States Code, Section 922(g).

FURTHER YOUR AFFIANT SAITH NAUGHT

Respectfully Submitted,

Darrell L. Stephens
Special Agent, ATF

Sworn and attested to me by
Affiant on January 19, 2022,
by Telephone (~~Facetime~~) per
Fed. R. Crim. P. 4(d) & 4.1

HON. BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.  22-MJ-8020-BER

UNITED STATES OF AMERICA

v.

MARC MICHEL DERILUS,

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   No

Respectfully submitted,
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY:  *Adam C. McMichael*

ADAM McMICHAEL
Assistant United States Attorney
FLA Bar No.    0772321
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 820-8711
Fax: (561) 820-8777
Email: Adam.McMichael@usdoj.gov

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

CASE NO. 22-MJ-8020-BER

**Defendant's Name: MARC MICHEL DERILUS,**

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|-------|-----------|-----------|--------------|
| 1 | Possession of a Firearm and Ammunition by Prohibited Person – Convicted Felon | 18 U.S.C. § 922(g)(1) | 10 years' imprisonment<br>$250,000 fine<br>3 years' supervised release<br>$100 Special Assessment |